IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ANITA ESTRADA,                          §
                 PLAINTIFF,     §
                             §
V.                                      §     CIVIL CASE NO. 3:23-CV-2853-S-BK
                             §
U.S. IMMIGRATION &                      §
NATURALIZATION, ET AL.,                 §
               DEFENDANTS.     §

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate.  Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

### I. BACKGROUND

On December 26, 2023, Plaintiff Anita Estrada filed a complaint against U.S. Immigration and Naturalization and the Secretary of Homeland Security Alejandro Majorkas. Doc. 3 at 1.  Estrada alleges *in toto*:  "I was dinied [sic] my citizenship base [sic] on unacceptable ruling."  Doc. 3 at 1.  *See also* Civil Cover Sheet, Doc. 3 at 2 (describing the cause of action as "citizenship denial").

With the complaint, Estrada encloses a decision dated August 18, 2021, from U.S. Citizenship and Immigration Services (USCIS) rejecting her Form N-336 request for a hearing as improperly filed.  Doc. 3 at 3.  USCIS found that it had denied Estrada's Form N-400

Application for Naturalization on July 19, 2018, and that Estrada did not file her Form N-336 request for a hearing within the 30-day filing deadline.  Doc. 3 at 3.  USCIS also reviewed Estrada's improperly filed Form N-336 and determined that it did "not meet the requirement for a motion to reopen or reconsider because [she] failed to overcome the original denial and [she] provided no new information that would show that USCIS errored in denying [her] case."  Doc. 3 at 3.

The Court liberally construes Estrada's complaint as seeking review of the denial of her application for naturalization.  Upon review, however, jurisdiction is lacking, and this action should be dismissed without prejudice.[1]

## II. ANALYSIS

The Court should always examine, sua sponte, if necessary, the threshold question of whether it has subject matter jurisdiction.  *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  The plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establishing that subject matter jurisdiction exists.  *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

Likewise, the Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* Fed. R. Civ. P. 8(e)

---

[1]Because jurisdiction is lacking, the Court need not address the deficiencies in Estrada's complaint and motion to proceed *in forma pauperis* and require compliance with the Court's filing requirements.

("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, the Court lacks jurisdiction over this action.

Under 8 U.S.C. § 1421(c), federal district courts can review the denial of an application for naturalization after it has been reviewed in an administrative hearing before an immigration officer. *Saba-Bakare v. Chertoff*, 507 F.3d 337, 340 (5th Cir. 2007). Section 1421(c) provides that "[a] person whose application for naturalization under this subchapter is denied, *after a hearing before an immigration officer under section 1447(a) of this title*, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5." 8 U.S.C. § 1421(c) (emphasis added).

Applicants, however, may seek judicial review, only if the administrative appeal is denied. *See* 8 U.S.C. § 1447(a); *Aparicio v. Blakeway*, 302 F.3d 437, 440 (5th Cir. 2002) ("Applicants may only appeal to the district court . . . if they either sought administrative review and the application was again denied, or if they sought administrative review and the review was delayed for more than 120 days." (citing 8 U.S.C. § 1421(d)). To exhaust administrative remedies, an applicant may request a hearing on the denial of a naturalization application "by filing a request with USCIS within thirty days after the applicant receives the notice of denial." 8 C.F.R. § 336.2(a). Failure to comply with the requirement to properly request a hearing is a failure to exhaust administrative remedies, thereby barring judicial review. *See Idahosa v. Bureau of Immigr. & Customs Enf't*, 111 F. App'x 293, 294 (5th Cir. 2004) (per curiam) (affirming dismissal for lack of subject matter jurisdiction because the plaintiff failed to comply with regulations for obtaining a hearing (citing 8 C.F.R. § 336.9(d)).[2]

---

[2] Other circuits have reached similar conclusions about exhaustion under § 1421(c). *See Baptiste v. Attorney Gen. U.S.*, 806 F. App'x 83, 86 (3d Cir. 2020) (per curiam) (finding district court

As noted, Estrada filed a Form N-336 request for hearing. She failed, however, to submit it within 30 days of the July 19, 2018 decision denying her N-400 application, as required by 8 C.F.R. § 336.2(a). Doc. 3 at 3. USCIS thus denied her request for a hearing as improperly filed. *See* 8 C.F.R. § 336.2; 8 U.S.C. § 1421(c). Because Estrada did not comply with the requirement to timely request a hearing, she has not adequately exhausted the administrative remedies available to her and has not satisfied the jurisdictional prerequisite of § 1421(c). Therefore, the Court lacks subject matter jurisdiction to review the denial of her application for naturalization. *See Idahosa*, 111 F. App'x at 294; *see also Mohamed v. United States Citizenship & Immigr. Servs.*, No. CV H-21-99, 2021 WL 9474099, at *2-3 (S.D. Tex. June 22, 2021) (no jurisdiction where Form N-336 was not submitted within thirty days of the denial of his naturalization application); *Heredia v. Bierman,* No. 3:19-CV-2625-X-BK, 2021 WL 665538, at *3 (N.D. Tex. Feb. 4, 2021) (no jurisdiction where administrative appeal from denial of naturalization application was pending), *rec. adopted*, 2021 WL 662302 (N.D. Tex. Feb. 19, 2021).

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint before dismissal, but leave is not required when she has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As demonstrated above, the facts as alleged in

---

could not review challenge to denial of naturalization application because the plaintiff failed to exhaust administrative remedies under § 1421(c)); *Huang v. Sec'y U.S. Dep't of Homeland Sec.*, 468 F. App'x 932, 935 (11th Cir. 2012) (affirming dismissal for lack of jurisdiction of action seeking review of denial of naturalization application because the petitioner did not receive a hearing under § 1447(a)); *see also Escaler v. U.S. Citizen. and Immigr. Servs.*, 582 F.3d 288, 292 (2d Cir. 2009) (holding § 1421(c) "requires the exhaustion of administrative remedies prior to seeking" judicial review). *But see Eche v. Holder*, 694 F.3d 1026, 1028 (9th Cir. 2012) (holding § 1421(c)'s exhaustion requirement is "prudential" and allowing a futility exception).

Estrada's complaint demonstrate a lack of subject matter jurisdiction in this Court that is not curable by amendment. Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, Estrada's complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on January 9, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).